UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN K. ARNOLD                                              CIVIL ACTION

VERSUS                                                       NO. 13-6090

OCHSNER CLINIC FOUNDATION HOSPITAL, ET AL.                   SECTION "C" (3)

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Kevin K. Arnold, filed the above-captioned matter in this Court in which he sues defendants Ochsner Clinic Foundation Hospital ("Ochsner"), the Jefferson Parish Sheriff's Office ("JPSO") and Judge Robert Murphy. He alleges that defendants illegally detained him in violation of 42 U.S.C. § 1983. He also alleges that Judge Robert Murphy held a competence hearing with regard to him and ruled in favor of the prosecution. He seeks seven billion dollars from Ochsner and asks that the Court order a criminal investigation of Murphy, the JPSO and doctors at Ochsner.

On October 16, 2013, this Court issued a rule to show cause as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction and/or failure to state a claim cognizable in federal court pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii). [Doc. #2]. On October 21, 2013, plaintiff filed an Order to Show Cause [Doc. #4] in response to the show-cause order. In said pleading, Arnold describes the factual circumstances underlying his vision that a domestic enemy

1

(the Tea Party) was about to kidnap the government, his 911 call to get the message to the president, the alleged verbal abuse that he suffered by the 911 call operator, the subsequent arrival of deputies who ignored him and then returned with an ambulance, forcing plaintiff to choose between a hospital or prison.  He then details the alleged abuses that he suffered at the hospital.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
>                             * * *
>
>    (B) the action or appeal –
>        (i)      is frivolous or malicious;
>        (ii)     fails to state a claim on which relief may be granted; or
>        (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).  However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  On its face, plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the*

---

[1]    *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

2

*claims do not lack merit on their face*.[2]

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3]  Arnold premises jurisdiction on Section 1983.  Generally, three elements must be established in a Section 1983 action: (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor.  *Marceaux v. Lafayette City-Parish Consol. Gov't*, 921 F. Supp. 2d 605, 621 (W.D. La. 2013).  There is no indication that Ochsner or its doctors are state actors, and Arnold fails to address this in his response.  Moreover, the JPSO is not a legal entity capable of suing or being sued under Section 1983.  *Stovall v. Gusman*, Civ. A. No. 10-1098, 2010 WL 4363181, *3-4 (E.D. La. Sept. 10, 2010).   Arnold also fails to address this in his response. With regard to these two entities then, no jurisdiction exists in this Court under these factual circumstances.

In addition, it is well settled that judges are protected by absolute immunity for actions taken in their judicial capacity.  *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)).  Essential policy considerations support this grant of absolute judicial immunity.  A judge's role in the judicial system requires that he enjoy "freedom

---

[2]     *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3]     *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

to determine the law unfettered by the threat of collateral attacks" against him personally. *Mays*, 97 F.3d at 111. "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir.1972). Absolute immunity applies to judicial acts within a judge's jurisdiction in suits brought under 42 U.S.C. § 1983. *Mays*, 97 F.3d at 111. Moreover, a judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority. *Id.* Rather, he loses immunity only if his act was not a "judicial act" or was "performed in the clear absence of jurisdiction." *Id.* From the face of the complaint, Judge Murphy's actions were taken in his judicial capacity, and he is entitled to absolute immunity from suit. Plaintiff also failed to address this issue in his response.

Also in his response, plaintiff mentions *Bivens*. *See Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). A *Bivens* action is analogous to an action under Section 1983 - the only difference is that *Bivens* applies to constitutional violations by federal, rather than state, officials. *See Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993). *Bivens* extends the protections afforded by Section 1983 to parties injured by federal actors not liable under Section 1983. *Id.* Here, however, there is no federal actor, and jurisdiction can not lie under *Bivens*.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

New Orleans, Louisiana, this 31st day of October, 2013.

4

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**